**DAWSON v. ALASKA S. S. CO.**

United States District Court
S. D. New York.

Feb. 13, 1952.

---

Mead & Walker, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, James M. Estabrook, William P. Kain, Jr., New York City, of counsel, appearing specially for purpose of this motion.

WEINFELD, District Judge.

The defendant, Alaska Steamship Company, moves to dismiss the complaint which is based on the Jones Act, 46 U.S.C.A. § 688, or, to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Washington, Northern Division.

528

The issues are whether the defendant is "doing business" in the State of New York, and whether the person served is its officer, managing agent or general agent. Rules 4(d) (3) and 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.

The Alaska Steamship Company is a Washington corporation, whose ships operate between ports in that state and Alaska. None of its vessels has visited New York in recent years, with one exception— a ship under time charter to the United States, which called here once during the past year. The only other contact in this district arises through the corporation's relations with an individual, not employed by defendant, who runs a travel agency and upon whom service of process was made.

The travel agent represents several other companies as well as the defendant. His sole activity on defendant's behalf is to stimulate interest in its business, for which he receives a fee of $150 per month. He is not empowered to enter into contracts for the corporation, or to sell tickets, but merely forwards ticket applications to its home office in Washington. His monthly fee is paid by defendant from its Washington office, and he is not authorized to deduct his fee from monies received for tickets. The agent does not engage in banking activities for the Alaska Steamship Corporation and he performed no services on its behalf in connection with the visit made by its vessel last year.

■ The frequency and regularity of calls made by ships are factors in determining whether a shipping company is doing business in a state. Under this standard the single call of the one vessel does not suffice to render the corporation "present." See Szabo v. Smedvig Tankrederi A.S., D.C., 95 F.Supp. 519, and cases cited therein.

■ Nor can the defendant be considered to be doing business here by reason of the activities of the travel agent. While a corporation need not be physically present by the maintenance of an office or through its employees, but may be considered "present" through the activities of others, the activities of the travel agent fall short of those "minimum contacts * * * with the * * * forum as make it reasonable * * * to require the corporation to defend the * * * suit" here. International Shoe Co. v. State of Washington, 326 U.S. 310, 316–317, 66 S.Ct. 154, 158, 90 L.Ed. 95. Plaintiff has failed to show that the corporation is engaged in a continuous and systematic course of business here. The test of "doing business" is not met.

It follows from these facts that service upon the travel agent as defendant's managing agent was improper. He was vested with none of the corporate powers or given any managerial functions. Service of process should, therefore, be vacated.

Settle order on notice.