HOLLAND v. PARRY NAV. CO., Inc.
Civil Action No. 5946.

District Court, E. D. Pennsylvania.

Sept. 12, 1947.

Abraham E. Freedman, of Philadelphia, Pa., for plaintiff.

T. E. Byrne, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This case is before the court on defendant's motion to vacate service of process.

The plaintiff, a seaman, instituted the present action to recover damages for personal injuries which he allegedly sustained while employed as an oiler aboard a vessel operated by the defendant.

From the record, and from the affidavits submitted in connection with the motion now under consideration, the following facts appear:

The defendant, Parry Navigation Company, Inc. (hereinafter referred to as Parry), is a Delaware corporation with its principal place of business in New York City. Service was made upon one Klemm, cashier of Rice, Unruh & Co. (hereinafter referred to as Rice). Rice is a Philadelphia concern which acts as agent for various steamship companies.

Parry is not registered to do business, nor has it any office, in Pennsylvania. It has no agent authorized by appointment to receive or accept service of process in Pennsylvania. Parry has customarily designated Rice as its agent in the Port of Philadelphia to assist the masters of vessels operated by Parry when they are in this port. The duties of Rice consist of communicating with various unions on behalf of the master with respect to the employment of replacements for members of the crews; providing clerical and stenographic assistance when required in connection with the ship's business; assisting the master in securing clearance for the vessels; and ordering such food and supplies as the master requests.

Rice has never been engaged by Parry under any written contract. On each occasion when Rice has performed services for Parry, it has been a separate engagement to cover a specific vessel on a specific call at

the Port of Philadelphia; there is no agreement, written or otherwise, requiring the continuation of any agency agreement between Parry and Rice.

During the year 1944 Rice acted on behalf of Parry in connection with five vessels which arrived in the Port of Philadelphia. During the year 1945 Rice acted on behalf of Parry in connection with eight vessels which arrived at this port. During the year 1946, and prior to May 23, 1946, the date when service was made on Rice, the latter acted on behalf of Parry in connection with seven vessels which arrived in this port. Rice did not act with respect to any vessel with which Parry had any connection between May 12, 1946 and the date of service of process, nor was any vessel with which Parry had any connection in the Port of Philadelphia, or within this jurisdiction, on May 23, 1946.

■ The first contention of the defendant Parry is that it is not doing business in Pennsylvania. However, I think that the facts which I have recited above refute this contention. I do not think that it is possible to lay down any hard and fast rule as to how may vessels operated by a steamship company must call at a port during a given period of time in order to say that the steamship company is "doing business" in the state where the port is located. The test seems to be whether, under the circumstances of a given case, the steamship company's activities can be said to be continuous, and to follow a regular and habitual pattern, as distinguished from occasional or sporadic activities. Jenkins v. Lykes Bros. S. S. Co., D.C., 48 F.Supp. 848; The Hanover, D.C., 6 F.2d 335; Marcum v. Owens-Parks Lumber Co., D.C., 31 F.Supp. 748.

■ The defendant does not here contend that it is not doing business, qualitatively speaking, in Pennsylvania. Quantitatively speaking, I think that, judging from the number of vessels operated by defendant which have put in at the Port of Philadelphia during recent years, and the intervals between their visits, the conclusion is justified that the defendant is doing sufficient business in Pennsylvania to make it amenable to service of process in this jurisdiction.

The defendant's second contention is that service on Rice as Parry's agent is legally insufficient to constitute service on Parry. The plaintiff, on the other hand, contends that service on Rice is legally sufficient to constitute service on Parry under either Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or under Rule 2180 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix.

Both Federal Rule 4(d) (3) and Rule 2180 of the Pennsylvania Rules provide for service upon a corporation by serving certain enumerated agents of the corporation. We are thus faced with the problem of whether Rice was in fact an agent of Parry at the time of the service in the instant case.

■ I think that on May 23, 1946, when service was made on Rice, there was no relationship of principal and agent in existence between Parry and Rice. As I have previously indicated, Rice performed duties for Parry on a ship to ship basis. It seems to me that the nature of the authority conferred upon Rice by Parry can be viewed in either of two ways: First, that the authority was to exist for a specific time—namely, the duration of the vessel's stay in the Port of Philadelphia, plus any length of time prior to its arrival or subsequent to its departure during which business matters with respect to the vessel which Rice handled for Parry would normally have to be attended to; or, that the authority conferred on Rice was to perform a specified act or to accomplish a specified result—the expeditious "turning around" of Parry's vessel. In either view of the nature of Rice's authority, I think it is clear that since Rice had completed the transaction of its last previous item of business for Parry on May 12, 1946, the authority of Rice to act as Parry's agent had terminated before May 23, 1946, when service was made on Rice. Restatement of Agency, § 105, 106.

I agree with the plaintiff that there is a striking similarity in the facts between the instant case and Jenkins v. Lykes Bros. S. S. Co., supra. Had Rice actually been performing the duties of an agent for Parry at the time service was made, I would have no hesitation in holding, as I did in the Jenkins

case, that service on the agent constituted a valid service upon the steamship company. Although it did not appear in the opinion in the Jenkins case, the fact there was that on the date when service was made on the alleged agent, the latter was actually performing its duties as an agent for the defendant steamship company. However, in the instant case, inasmuch as there was no relationship of principal and agent in existence between Parry and Rice at the time service was made on the latter, the conclusion seems to me to be inescapable that the service upon Rice cannot legally constitute service upon Parry on the theory that Rice was Parry's agent.

The defendant's motion to vacate service of process is granted.