## NOVITSKI v. LYKES STEAMSHIP CO.
### Civ. No. 9539.

United States District Court
E. D. Pennsylvania.
June 16, 1950.

Herbert J. Bass, of Philadelphia, Pa., for plaintiff.

T. J. Mahoney, Jr., of Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This case is now before me on the defendant's motion to vacate the service of the summons and complaint.

On March 29, 1949 the plaintiff, a seaman, filed a complaint against Lykes Steamship Company (hereinafter called Lykes)[1] for injuries allegedly sustained through the negligence of the defendant's agents and employees and for maintenance and cure. On April 4, 1949 service of the summons and a copy of the complaint was made upon Chas. Kurz Co. (hereinafter called Kurz) at the latter's office in Philadelphia, Pennsylvania, on the theory that Kurz was Lykes' agent.

The defendant disputes the validity of this service of process on the grounds that it is not "doing business" within the jurisdiction of this Court.

The defendant Lykes is a Louisiana corporation[2] which has its office and principal place of business in New Orleans, Louisiana. Its vessels normally ply between United States Gulf ports and South America.

The defendant is not and never has been registered to do business within the Commonwealth of Pennsylvania. It has no office or registered agent within Pennsylvania, nor does it have any employees in Pennsylvania.

Kurz is a ship brokerage firm which has an office in Philadelphia. Whenever one of the defendant's vessels or a government vessel which the defendant was husbanding would come into the Port of Philadelphia, the defendant would request Kurz to act as the defendant's agent to handle and service that vessel. In each such instance the contract for handling the ship was on per ship basis, and payment was made accordingly. There never was any contract or agreement, either written or oral, establishing a continuing agency relationship between Kurz and the defendant Lykes.

In 1946 seven visits were made to this port by vessels for which Lykes was the government's General Agent.

In 1947 one visit was made to this port by a vessel for which Lykes was the government's General Agent, and two visits were made by vessels owned by Lykes.

In 1948 one visit was made to this port by a vessel owned by Lykes.

In 1949 one visit was made to this port by a vessel owned by Lykes.

Thus, since 1947 only five ships with which Lykes has had any connection have visited Philadelphia. The last such vessel left this port more than a month prior to the service of process upon Kurz.

■ Qualitatively, the defendant is doing business in Pennsylvania when it transports cargo to and from Philadelphia. Jenkins v. Lykes Bros. S. S. Co. et al., D.C., 48 F.Supp. 848; Holland v. Parry Nav. Co., Inc., D.C., 7 F.R.D. 471.

Quantitatively, however, I think that the defendant is not doing business in Pennsylvania.

In Jenkins v. Lykes Bros. S. S. Co., Inc. supra, thirty-five ships called at this port during a two year period. In Holland v. Parry Nav. Co., Inc., supra, twenty ships stopped here during a two and one-half year period. The frequency of the visits in those cases established Philadelphia as a regular or habitual port of call.

But in this case only five vessels with which the defendant has had any connection have stopped here during the last three years. This infrequency paints as vivid a picture of occasional or sporadic activity as the Jenkins and Holland cases painted a picture of regular or habitual activity. For this reason, I find that the defendant Lykes is not doing business within the Eastern District of Pennsylvania. Holliday, Adm'x, v. Pacific Atlantic Steamship Corp., 1945 A.M.C. 49, affirmed 354 Pa. 271, 47 A.2d 254.

■ Moreover, at the time the service of the summons and complaint was made upon Kurz on April 4, 1949, Kurz was not acting as agent for Lykes. The last vessel of the defendant's to visit Philadelphia had left on March 1, 1949. For this reason also, the service of process is invalid. Holland v. Parry Nav. Co., Inc., supra; Holli-

1. The defendant's correct name, as shown by an affidavit filed by the defendant, is Lykes Bros. Steamship Co., Inc.

2. The plaintiff incorrectly alleged in his complaint that the defendant was a New York corporation.

day, Adm'x v. Pacific Atlantic Steamship Corp., supra.

Accordingly, the motion of the defendant Lykes Bros. Steamship Co., Inc. to vacate the service of the summons and complaint is hereby granted.