James THOMPSON

v.

TRENT MARITIME COMPANY, Ltd. and Steamship THE DUKE OF ATHENS.

No. 73 of 1956.

United States District Court E. D. Pennsylvania.

March 15, 1957.

Marshal Seidman of Freedman, Landy & Lorry, Philadelphia, Pa., for petitioner.

Rawle & Henderson, Philadelphia, Pa., for respondent.

GRIM, District Judge.

Libellant, a longshoreman residing in this District, brought this action March 5, 1956, against the respondent shipowner, a British corporation, for personal injuries suffered in 1953 while working on the unloading of cargo from respondent's ship Duke of Athens at a pier in Philadelphia. The ship left this District on the day of the alleged injury and has not since returned.

Libellant attempted to get the respondent into this court by having process served on Lavino Shipping Company as agent. Respondent entered a special appearance and moved both to set aside the service and to dismiss the libel, contending that Lavino Shipping Company was not and is not its agent.

■ Answers to interrogatories failed to produce evidence sufficient to establish that at the time of service Lavino was respondent's agent, and I find, therefore, that Lavino was not. The service, consequently, was not valid service on the respondent. Because of this finding the only question is whether the libel should be dismissed or whether the service merely should be set aside.

Respondent contends that because there was no service upon it there is no jurisdiction and hence the libel should be dismissed. It says libellant will not be prejudiced because the applicable Pennsylvania statute of limitations [1] will not begin to run against him until the vessel returns to the Commonwealth. Respondent says that it will be burdened with the work of keeping track of this case on the docket if the libel be not dismissed.

My research has not disclosed any case in which respondent's point was clearly raised and squarely decided. Cases such as Johnson v. Black Diamond Lines, D.C.

E.D.Pa.1941, 36 F.Supp. 721; Andrade v. American Mail Lines, Ltd., D.C.R.I. 1947, 71 F.Supp. 201, and Spreckels Sugar Co. v. South Atlantic S.S. Line, D.C. S.D.Ga.1944, 55 F.Supp. 670, discloses variances in the relief granted without any apparent distinction in principle.

■ The rule in admiralty is that an action may be brought in any District within which process can be served on the defendant or in which his property or credits can be attached.[2] The effect of this rule is to confer what might be called a qualified jurisdiction over the subject matter upon any court in which the libellant brings his action, and this ripens into full jurisdiction when jurisdiction is obtained over the person of the defendant by service of process upon him.

■ In civil actions in both federal and state courts the failure of the marshal or sheriff to serve original process does not ipso facto terminate the action. Rule 4(a) of the Federal Rules of Civil Procedure, 28 U.S.C., for example, provides for the issuance of additional summons, and Rule 1010 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix provides for the reissuance of writs of summons and the reinstatement of complaints. These are modern versions of the common law practice of issuing alias writs, which is followed in admiralty.[3] It follows that the present action does not die upon failure of the first attempt at service.

■ There can be no doubt that there is ground for asserting jurisdiction here. Libellant's inchoate right to bring this respondent into this court can materialize if and when valid service is made upon it.

I am not impressed by the argument that there will be an undue burden on respondent to keep track of this case on the docket. This burden is certainly a great

1. Act of April 28, 1899, P.L. 102, Sec. 3, 12 P.S. § 2903. The applicability of this statute is not now determined.

2. In re the Louisville Underwriters, 1890, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991; Brown v. C. D. Mallory Co., 3 Cir., 1941, 122 F.2d 98.

3. 2 Benedict on Admiralty, 6th ed. Sec. 310, The Queen of the Pacific, D.C.N.D. Cal.1894, 61 F. 213.

deal lighter than the burden which faces the libellant to bring an action where respondent can be served properly.

Respondent's motion to set aside service of the citation is granted and its motion to dismiss the libel is refused.