Louis J. BRESKMAN, Administrator of the Estate of Anna Gerber

v.

Odessa WILLIAMS and Benjamin Fox.

Civ. A. No. 22126.

United States District Court
E. D. Pennsylvania.

Aug. 5, 1957.

Gerber & Galfand, Mary Alice Duffy, Philadelphia, Pa., for plaintiff.

John B. Hannum, III, Philadelphia, Pa., for Odessa Williams, defendant.

KRAFT, District Judge.

Before the court are two motions by the defendant, Odessa Williams, to dismiss the action under Fed.Rules Civ. Proc. rule 12(b), 28 U.S.C.A. The first motion asks dismissal for lack of venue. The later motion requests it for (a) lack of jurisdiction over defendant's person; (b) insufficiency of service of process.

The suit, brought by Louis J. Breskman as administrator of the Estate of Anna Gerber, arises from an automobile collision in this district which resulted in her death. The original complaint, asserting diversity of citizenship, alleges that plaintiff was a resident of Delaware, the defendant, Williams, a resident of New Jersey and the defendant, Fox, a resident of this district in Pennsylvania. The first motion to dismiss for want of venue was well taken when filed. Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498. However, plaintiff,

on motion, was granted leave to amend[1] his complaint before decision on defendant's first motion. The pertinent averment, as now amended, is that *"the defendant, Odessa Williams, is a resident of the State of New Jersey residing at 2919 Saunders Street, Camden, New Jersey and is a citizen of the State of Pennsylvania and maintains a domicile in the City of Philadelphia, State of Pennsylvania"*.

■■ The defendant, Williams, is a resident, for venue purposes, only where she is a citizen and is domiciled. Koons v. Kaiser, D.C.1950, 91 F.Supp. 511; Sherman v. Collin, D.C.1953, 117 F. Supp. 496. The court may not assume from the amended averment that the defendant's alleged New Jersey residence is of such a type as is necessarily repugnant to her Pennsylvania citizenship and domicile. The amended complaint is sufficient to sustain venue in this district despite the accompanying assertion of coexisting residence in New Jersey.

Service of process on defendant, Williams, was purportedly made under the then effective provisions[2] of the Pennsylvania Nonresident Motorist Act. Her second motion to dismiss challenges the service on the grounds that (a) service upon her was not authorized by the statute and (b) the return of service discloses noncompliance with the statutory mandate.

■ The gist of defendant's first contention is that she was neither a nonresident of Pennsylvania nor a resident thereof who subsequently became a nonresident or concealed her whereabouts and is, therefore, not within the terms of the statute. The original and amended complaint fail affirmatively to aver these conditions precedent to service under that statute. No evidence has been offered to establish their existence. To the contrary, the amended complaint,

while failing to aver defendant's nonresidence in Pennsylvania, affirmatively asserts her citizenship and domicile therein and so her residence, because domicile includes residence. Messick v. Southern Pennsylvania Bus Co., D.C. 1945, 59 F.Supp. 799, 800.

The present record discloses no basis for service of process upon the defendant under the Pennsylvania Nonresident Motorist Act and the purported service thereunder was ineffectual to give this court jurisdiction over her person.

■ The then effective pertinent provisions[3] of the Pennsylvania law also provided that process should be served upon the Secretary of Revenue by sending by registered mail, postage prepaid, a true and attested copy thereof and by sending to the defendant, by registered mail, postage prepaid, a like copy "with an endorsement thereon of the service upon [the] said Secretary of Revenue", addressed to such defendant at his last known address.

■ The marshal's return does not disclose the presence of the required endorsement on the copy of the process mailed to defendant, Williams, nor is any attempt made to avow its presence. Strict construction of statutes which provide for substituted service is required by the Pennsylvania decisions. McCall v. Gates, 1946, 354 Pa. 158, 161, 47 A.2d 211; Williams v. Meredith, 1937, 326 Pa. 570, 572, 192 A. 924, 115 A.L.R. 890; Hughes v. Hughes, 1932, 306 Pa. 75, 78, 158 A. 874. Since the copies of the summons and complaint mailed to the defendant by the marshal omitted the required endorsement the service of process was insufficient. Alopari v. O'Leary, D.C., 154 F.Supp. 78;[4] Werner v. Clingerman, 1936, 28 Pa.Dist. & Co. R. 200; Bozurich v. Bollinger, 1936, 85 Pittsb.Leg.J., Pa. 795.

1. Order July 10, 1957 by Grim, J.

2. Act approved May 14, 1929 P.L. 1721, as amended prior to effective date of amendatory Act of February 17, 1956, 1955 P.L. 1068, 75 P.S. § 1201 et seq.

3. 75 P.S. § 1202; Pa.R.C.P. 2076–2082, 12 P.S.Appendix.

4. Opinion by VanDusen, J.

54

## Order.

Now, August 5, 1957 the court denies the Odessa Williams' motion to dismiss, filed April 29, 1957, and grants her motion to dismiss, filed July 5, 1957, and dismisses, without prejudice, the action against her.