Thomas G. HIGGINS

v.

CALIFORNIA TANKER CO.

Civ. A. No. 22937.

United States District Court
E. D. Pennsylvania.

Dec. 31, 1957.

570

Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

 This case (filed in July 1957) comes before the court on defendant's Motion To Set Aside Service and Dismiss the Complaint (Document No. 4 in Clerk's file). The Complaint alleges that plaintiff (an oiler) received in 1955 personal injuries at sea aboard the S. S. Kettle Creek due to unseaworthiness of this vessel, then owned by defendant, and to the negligence of defendant. The record discloses that defendant is a Delaware corporation, having a place of business in Perth Amboy, New Jersey, and no business or property in this jurisdiction at the time service was made on Texas Transport & Terminal Co., Inc., steamship agents (hereinafter called "Texas"). During the period since January 11, 1955, defendant has operated no more than four vessels, chiefly for its own account (at which time the vessels never entered this district), and occasionally chartered them to outside interests for single voyages. One such vessel under charter discharged cargo once in this district in 1955, another such vessel under charter discharged cargo once in the district in 1956, and a third such vessel under charter discharged cargo twice in this district in 1957. Texas is not authorized to accept service of process for defendant, has only acted for defendant when its vessels were in the port of Philadelphia, and was not acting for defendant when service was made.[1] Under these facts, it is clear that the defendant's occasional and sporadic activity in this district is not sufficient to subject it to service of process. See Novitski v. Lykes Steamship Co., D.C.E.D.Pa.1950, 90 F. Supp. 971. Also, it is clear that the service on Texas was ineffective under F. R.Civ.P. 4(d), 28 U.S.C.A., even if defendant was doing business here, under the decisions of this court since Texas was not acting as agent for defendant at the time of service. See Holland v. Parry Nav. Co., Inc., D.C.E.D.Pa.1947, 7 F.R.D. 471, 472–473.[2]

 The undersigned believes that defendant is entitled to the dismissal of a

1. Paragraphs 4 and 5 of Affidavit of Ervin, attached to the Motion, provide:

"4. On some occasions when its vessels call at the Port of Philadelphia, Texas Transport & Terminal Co., Inc. have been designated to attend to owner's business during the particular time when such vessel may be in port, but there is no written or oral agreement between the defendant and that company whereby it is designated to act as agent for the defendant; and there is no general agency contract or arrangement with anyone in the Port of Philadelphia.

"5. When said Texas Transport & Terminal Co., Inc. acts as agent on behalf of defendant's vessels, its services are confined to owner's business during the particular time the vessel is in port and after the sailing of such vessel said Texas Transport & Terminal Co., Inc. does not transact any business on behalf of the defendant in the Eastern District of Pennsylvania, and the defendant has no business transactions in said district except when one of its ships may be ordered to the Port of Philadelphia by a charterer."

2. Intermittent employment of a steamship agent does not automatically constitute such an agent an agent for the service of process. See Holliday, Administratrix v. Pacific Atlantic S.S. Corp., 1945 A.M.C. 49 (C.P. 2 Phila.), affirmed 1946, 354 Pa. 271, 47 A.2d 254.

civil action in a case such as this, brought by a non-resident plaintiff involving an alleged injury on the high seas, where defendant was not doing business in this district at the time the Complaint was filed, at the time the service was made, or at the time of the argument on defendant's Motion to Dismiss.[3] Philadelphia & Reading Railway Co. v. McKibbin, 1917, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; James-Dickinson Farm Mortg. Co. v. Harry, 1927, 273 U.S. 119, 47 S.Ct. 308, 71 L.Ed. 569; Cannon Mfg. Co. v. Cudahy Co., 1925, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, 875.[4]

3. The ruling of Chief Judge Kirkpatrick in Miller v. Northeast Air Lines, D.C., C.A. 21691, relied on by plaintiff, is inapplicable since, in that case, defendant was doing business in this district at the time that service was made even though it was not doing business at the time the complaint was filed.

4. In this case, the court said at page 875 of 139 F.2d:
"Prior to the adoption of the Rules of Civil Procedure it was held that dismissal of the suit was appropriate under such circumstances. (Citing cases.) Under the Rules of Civil Procedure a defendant under these circumstances is entitled to dismissal. For if we are to permit a defendant to come voluntarily into court and still raise the defense that his summons to the courthouse was unlawful we must allow him, if he sustains his point, to depart without day through the door which he has thus unlocked."