**Joseph ZHEMECK**

v.

**J. H. WINCHESTER & CO.**
and
**Liberty Navigation and Trading Co., Inc.**
(two cases).

Admiralty No. 113/58,
Civ. A. No. 24591.

United States District Court
E. D. Pennsylvania.
Dec. 15, 1958.

Stark & Goldstein, Herman Moskowitz, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Harrison G. Kildare, Philadelphia, Pa., for defendants.

GRIM, District Judge.

These actions arise out of an illness plaintiff suffered while a seaman on the steamship Josefina. Process was served on Lavino Shipping Company in this district as agent for both defendants. Liberty Navigation and Trading Co., Inc. has moved to set aside the service and to dismiss in both actions. J. H. Winchester & Co. has joined in Liberty's

motion in the civil action and has entered an appearance in the admiralty action.

Liberty is the owner of the Josefina. Winchester & Co., a partnership with offices in New York City, acted as agent for the owner. Neither defendant has offices or property in this district. Liberty is a corporation of an unknown state, with offices in Connecticut and Delaware. Liberty owns another vessel, the Barbara Freitche, which was in Philadelphia April 6–10, 1952, May 22–30, 1953, July 7–9, 1954, and August 11–19, 1954. The Josefina was in Philadelphia October 3–6, 1956, and at no other time. On each of these occasions Lavino acted as agent in Philadelphia for the particular vessel on the instructions of Winchester & Co. Lavino's activities with respect to the Josefina included obtaining stores, arranging for repairs, tugs, and docking, and redelivery of the ship from the charterer. Lavino presumably acted similarly with respect to the Barbara Freitche. Lavino's last transaction involving either vessel was the sending of the disbursement account of the Josefina on December 26, 1956. There was no continuing agency agreement with Lavino, and arrangements were made individually as each ship was bound for Philadelphia. Beyond the facts above stated, the only evidence that Lavino was agent for the defendants at those times consists of statements in the marshal's returns that Lavino was served "as agent."

F.R.Civ.P. 4(d) (3), 28 U.S.C. authorizes service "Upon a domestic or foreign corporation or upon a partnership * * by delivering [the process] * * * to * * * a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

I find this evidence insufficient to establish that at the time when process was served on it Lavino was the agent of Winchester or Liberty, and since it was not then their agent the service was invalid. Holland v. Parry Navigation Co., D.C.E.D.Pa.1947, 7 F.R.D. 471.

The motions of Liberty Navigation and Trading Co., Inc. to set aside service in both actions will be granted. The motion of J. H. Winchester & Co. to set aside service in the civil action will be granted. The motions to dismiss will be refused. Thompson v. Trent Maritime Company, D.C.E.D.Pa.1957, 149 F.Supp. 468.

The motion of Liberty Navigation and Trading Co., Inc. for leave to file an amended affidavit is granted.