George WADE

v.

Raffaele ROMANO.

Civ. A. 25753.

United States District Court
E. D. Pennsylvania.

Dec. 7, 1959.

Louis Samuel Fine, Philadelphia, Pa., for plaintiff.

Robert A. Hauslohner, Rawle & Henderson, Philadelphia, Pa., for defendant.

EGAN, District Judge.

The defendant has moved to set aside service of the summons and complaint and to dismiss the action on the ground that neither service of the summons and complaint on Charles Kurz Company nor service of an alias summons and complaint on the Secretary of the Commonwealth of Pennsylvania was a valid service on the defendant, a non-resident of Pennsylvania.

The plaintiff originally made service on Charles Kurz Company, a corporation engaged in the business of acting as agent for owners, charterers, and operators of steamships, with its offices and principal place of business in Philadelphia. Subsequently the plaintiff caused service to be made upon the Secretary of the Commonwealth of Pennsylvania, under the provisions of the Pennsylvania Nonresident Motorist Act (75 P.S. § 1201). The plaintiff argues that (1) service on Charles Kurz Company was effective as service on the defendant since Charles Kurz Company was the general agent of the defendant, and (2) the defendant is subject to service under the Nonresident Motorist Act.

The plaintiff was employed as a longshoreman aboard the defendant's ship S.S. Louis Pasteur in March 1958 when the ship was docked in Philadelphia. He claims that while so employed he suffered personal injuries resulting from the unseaworthy condition of the ship and from the negligence of the defendant. The defendant, sole owner of the ship on which the alleged injuries occurred, is an individual residing in Naples, Italy. The ship involved has visited the port of Philadelphia on three occasions within the last five years: November 1954, September 1955, and March 1958. On each occasion a different shipping agency acted as agent for the charterer of the ship, attending to all business matters arising from the ship's presence in the Philadelphia port. In March 1958, that agent was Charles Kurz Company, acting for the charterer, Campsider, of Milan, Italy.

No other ship connected with the defendant has been in Pennsylvania within the past five years. Other than for the three visits of his ship to Philadelphia in that period, the defendant has done no business in Pennsylvania. He has no employees or representatives in Pennsylvania, and he owns no property here. On January 8, 1959, when service of the summons and complaint was attempted by the United States Marshal on Charles Kurz Company, no vessel owned or operated by the defendant was in Pennsylvania. On that date Charles Kurz Company was not engaged in the performance of any services whatsoever for the defendant.

**74**

The issue is whether the relationship of Charles Kurz Company, as agent for the charterer of the defendant's ship at the time of the alleged injury on which this action is based, was such as to make it the defendant shipowner's agent for service of legal process.

 We conclude that it was not. At the time the complaint was served on Charles Kurz Company, it was no longer engaged in performing services as agent for the defendant's ship. As there is no showing of any permanent or continuing relationship between the Kurz Company and the defendant, it cannot be said that the Kurz Company was the defendant's agent on whom service could be made with binding force. Zhemeck v. J. H. Winchester & Co., D.C.E.D.Pa.1958, 23 F.R.D. 8; Higgins v. California Tanker Co., D. C.E.D.Pa.1957, 166 F.Supp. 569; Novitski v. Lykes Steamship Co., D.C.E.D. Pa.1950, 90 F.Supp. 971; Holland v. Parry Navigation Co., D.C.E.D.Pa.1947, 7 F.R.D. 471.

Furthermore, even if the Kurz Company were the defendant's agent, it is clear from the facts stated above that the defendant has not been doing business in this State so as to subject him to service of process. Higgins v. California Tanker Co., supra; Novitski v. Lykes Steamship Co., supra.

We turn now to the plaintiff's contention that the defendant shipowner is subject to the provisions of the Pennsylvania Nonresident Motorist Act.

The question is whether the defendant's ship is a motor vehicle within the meaning of the statute. While a liberal construction of the statute might permit such a finding, we are bound by the Pennsylvania rule that statutes providing for substituted service must be strictly construed. McCall v. Gates, 1946, 354 Pa. 158, 161, 47 A.2d 211; Williams v. Meredith, 1937, 326 Pa. 570, 192 A. 924, 115 A.L.R. 890; Breskman v. Williams, D.C.E.D.Pa.1957, 154 F. Supp. 51; see 46 P.S. § 558(8).

Accordingly, we hold that the defendant's ship is not a motor vehicle within the contemplation of the Nonresident Motorist Act and that service could not be made on the defendant under that statute.

The motion to set aside service of the summons and complaint will be granted. Counsel for defendant will submit an appropriate order.