Frank RUTTER, Jr.

v.

LOUIS DREYFUS CORPORATION
and
Aeolian Steamship Corporation of
Delaware.

Civ. A. No. 25545.

United States District Court
E. D. Pennsylvania.

Feb. 26, 1960.

Louis Samuel Fine, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

LORD, District Judge.

The instant matter is before the Court on defendants' motions to set aside service of the summons and complaint and to dismiss the action. Briefly stated, the defendants contend that service of process upon States Marine-Isthmian Agency, Inc. ("Isthmian"), and a subsequent service of process under the provisions of the Pennsylvania Nonresident Motorist Act, 75 P.S. § 1201, were ineffective to confer jurisdiction over them.

Plaintiff longshoreman, a Pennsylvania citizen, instituted the present action on November 5, 1958. Alleging unseaworthiness of the ship and negligence of the defendants, he seeks damages for personal injuries sustained aboard the S. S. Lipari while the vessel was in the port of Philadelphia on June 13, 1958 on voyage charter to States Marine Corporation of Delaware.

On November 13, 1958, a summons and copy of the complaint were served by the United States Marshal on Isthmian at Philadelphia. Subsequently, on September 28, 1959, the plaintiff set in motion the machinery for service under the Pennsylvania Nonresident Motorist Act and shortly thereafter service under this Act was perfected. The basic question for disposition at this time is whether either of the above methods of service was sufficient to confer jurisdiction over the defendants.

To dispose of the latter method of service first, this Court concurs and adopts the opinion of Judge Egan in the recently decided case of Wade v. Romano, D.C.E.D.Pa.1959, 179 F.Supp. 72. In that action, Judge Egan held that a vessel is not a motor vehicle for the purposes of the Pennsylvania Nonresident Motorist Act and consequently a nonresident shipowner is not subject to service of process under the provisions of that Act. Likewise, a non-resident charterer of a vessel is not subject to the Act.

Further, the Court finds that the initial method of service upon Isthmian was likewise defective.

From the record and affidavits filed in connection with the present motions, the following facts appear. Defendant Aeolian Steamship Corporation of Delaware ("Aeolian") is the owner of the vessel S.S. Lipari. This defendant is a Delaware corporation having a principal place of business in New York City. It has neither an authorized representative within this district nor does it have any assets located here. The S.S. Lipari is the only vessel owned, operated, managed or controlled by Aeolian. During the past five years this vessel entered this judicial district on only one occasion— June 13, 1958, the date of the accident. At that time, the S.S. Lipari was on time charter to defendant Louis Dreyfus Corporation ("Dreyfus") and as stated on voyage charter to States Marine Corporation of Delaware. Dreyfus is a New York corporation with its principal place of business in New York City. It did not own, operate, manage or control any vessel which entered this district within the past five years. Other than noted above,

the record does not indicate the status or relationship of States Marine Corporation of Delaware to any of the other parties. On October 26, 1958, the time charter of Dreyfus terminated and the vessel was redelivered to Aeolian.

On November 13, 1958, the date of service on Isthmian, neither defendant had an office or place of business within this district; neither had any business relationship with Isthmian; neither was conducting business of any character within this district; neither had constituted Isthmian as its agent for service of process.

■■ In passing upon whether the service on Isthmian constituted service on either of the defendants, the Court notes that the plaintiff has the burden of proving that he has properly acquired jurisdiction over the parties. Specifically, the plaintiff has the burden of establishing that on November 13, 1958, Isthmian was the agent of the defendants for the purpose of accepting service of process. Further, the plaintiff must establish that each of the defendants, being foreign corporations, were doing business within this district. Wade v. Romano, supra; Higgins v. California Tanker Co., D.C.E.D.Pa.1957, 166 F. Supp. 569; Novitski v. Lykes Steamship Co., D.C.E.D.Pa.1950, 90 F.Supp. 971; Holland v. Parry Nav. Co., Inc., D.C.E.D. Pa.1947, 7 F.R.D. 471.

■ The plaintiff has totally failed in meeting this burden. Except for the marshal's return of November 28, 1958, the record is devoid of any facts which would indicate the relationship of Isthmian with either of the two defendants. The marshal's return noted that service had been made on "Isthmian Agency Inc." as "agents for both defendants." Aside from the incorrect designation of the business entity actually served (States Marine-Isthmian Agency, Inc.), the agency notation is not conclusive in view of the uncontradicted affidavits denying the agency relationship. Zhemeck v. J. H. Winchester & Co., D.C.E.D.Pa.

1958, 23 F.R.D. 8; Metropolitan Theatre Co. v. Warner Bros. Pictures, D.C.S.D. N.Y.1954, 16 F.R.D. 391.

■ There being a complete lack of any showing of a nexus between Isthmian and either of the defendants, the tenuous argument presented by the plaintiff in regard to the effect of the Liens on Vessels Act, 46 U.S.C.A. § 971 et seq., need not be considered. From what appears in the record, Isthmian might well be a total stranger to this entire transaction. In this posture of the case, the Court has no alternative but to grant the defendants' motion to set aside service of the summons and complaint. Further, even if the plaintiff had established an agency relationship, the facts in this case clearly indicate that neither defendant was doing business within this district on the date of service. The record shows that Aeolian indirectly as owner of the vessel engaged in but one activity in this district within the past five years. During the same period the activity of Dreyfus has been limited to its interest as time charterer of vessels which made five calls to this district. On each of these calls the vessel was operating under voyage charter to another party. Under these circumstances neither defendant was doing business within the Eastern District of Pennsylvania when service was made on November 13, 1958. Wade v. Romano, supra; Higgins v. California Tanker Co., supra; Novitski v. Lykes Steamship Co., supra.

While defendants' motion to set aside service of the summons and complaint will be granted, their motion to dismiss the action will be denied. Plaintiff informed the Court both in his brief and at oral argument that he would attempt to acquire jurisdiction over the defendants by employing the provisions of the recently enacted Pennsylvania Nonresident Vessel Act. Under these conditions the action will not be dismissed. See Thompson v. Trent Maritime Co., D.C. E.D.Pa.1957, 149 F.Supp. 468; Zhemeck v. J. H. Winchester & Co., supra. No opinion is expressed as to the efficacy of this new Act as a means by which the

present defendants might be properly served with process.

For the foregoing reasons, it is hereby Ordered, Adjudged, and Decreed that defendants' motion to set aside service of the summons and complaint is Granted, and defendants' motion to dismiss the action is Denied.