**Wayne WINGERT, Plaintiff,**

v.

**NAVARIE AZNAR, S. A. BILBAO, a corporation, company or concern of Spain, Defendant.**

**Civ. No. 60–398.**

United States District Court
D. Oregon.

March 14, 1961.

Pozzi, Levin & Wilson, Portland, Or., for plaintiff.

Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for defendant.

SOLOMON, Chief Judge.

This case is now before the court on the motion of defendant for an order quashing the service of summons and complaint on the ground that the defendant is a foreign corporation not doing business within the State of Oregon and not subject to jurisdiction of this court.

The defendant Navarie Aznar, S. A., is a Spanish corporation which owns and operates approximately 30 vessels. Kerr Steamship Company, Inc., a Delaware corporation, which maintains an office in Portland, Oregon, as well as in other ports throughout the United States, is the general agent for the company in the United States. However, the only contacts defendant has had with this district have been two calls made by one of its vessels, the S.S. Monte Pagasari, once at the time of plaintiff's injury and a second time, six months later, just prior to the service of summons. It also appears that it has had no other contact in the district through its agent, Kerr. Kerr's activities on the two occasions the vessel was here were in its capacity as an independent time charterer and not as an agent.

586

In my view, these contacts fail to meet the minimal standards as set forth in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Andrade v. American Mail Lines, D.C.D.R.I.1947, 71 F.Supp. 201; Higgins v. California Tanker Co., D.C.E.D.Pa. 1957, 166 F.Supp. 569. See also Dawson v. Alaska S.S. Co., D.C.S.D.N.Y.1952, 12 F.R.D. 527; Rutter v. Louis Dreyfus Corporation, D.C.E.D.Pa.1960, 181 F. Supp. 531.

The cases relied upon by plaintiff in opposition to the motion, Green v. Compania de Nav. Isabella, D.C.S.D.N.Y., 26 F.Supp. 616, 1960 A.M.C. 2131, and Nuzzo v. Compania Globo de Navegacion, D.C.S.D.N.Y.1960, Am.Mar.Cas. 2136, are not in point.

Defendant's motion to quash is hereby granted.