Kenneth V. DILL
v.
Clayton L. SCUKA, M. D.
Civ. A. No. 20539.

United States District Court
E. D. Pennsylvania.
Oct. 18, 1961.

Lester H. Novack, Philadelphia, Pa., Marshall E. Miller, Washington, D. C., for plaintiff.

Thomas E. Comber, Jr., Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

In this personal injury action instituted in this court on April 11, 1956, and now awaiting a second trial (see Dill v. Scuka, 3 Cir., 1960, 279 F.2d 145),[1] both counsel concede that the presence of both parties in Kansas, where the alleged tort occurred, the partially paralyzed condition of the plaintiff making travel most difficult for him, the less congested status of the docket in the U. S. District Court for the District of Kansas, and the unavailability of the judge who conducted the first trial in this District, among other factors, qualify this case for transfer under 28 U.S.C.A. § 1404(a) insofar as the statutory words "For the convenience of parties and witnesses, in the interest of justice" are concerned. See Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; All States Freight, Inc. v. Modarelli, 3 Cir., 1952, 196 F.2d 1010; Brown v. Woodring, D.C. M.D.Pa.1959, 174 F.Supp. 640.

However, plaintiff contends that the proposed transferee district is not a "district where (suit) might have been brought," as those words were used by Congress in the above statute, since defendant was a resident and citizen of Pennsylvania when suit was instituted.

The deposition of the defendant (Document No. 30) discloses this factual situation in April 1956, when suit was brought, which is the relevant time.[2]

---

1. The delay in this second trial has resulted from plaintiff's unsuccessful and persisting attempts to prevent his client's examination by a medical expert under Local Rule 22. See Dill v. Egan, 3 Cir., 1961, 292 F.2d 839, and Memorandum of September 28, 1961 (Document No. 65). The proof of plaintiff's alleged financial condition, referred to at page 4 of the above Memorandum, has not been filed as of this date.

2. The alleged affidavit taken by defendant (who had no legal training) on or before July 6, 1955 (nine months before suit was brought), stating that "he was and is a citizen and resident of the State of Pennsylvania and not of the State of Kansas" (see first paragraph on page 1 of Opposition, docketed as Document No. 70), is not as persuasive as his direct testimony quoted below, given within four months of the institution of suit (Document No. 30), that he had no intention of staying permanently in Pennsylvania.

See Hoffman v. Blaski, 1960, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

Defendant Clayton L. Scuka, M.D., interned for a year at Wesley Hospital, Wichita, Kansas (1939–1940), immediately after obtaining his M.D. degree. He then was a resident in surgery at Sedgwick County Hospital, Wichita, for a year (1940–1941). After serving in the armed forces from 1941 to 1946, he returned to Wichita and entered into the private practice of medicine. Dr. Scuka was a private practitioner in Wichita from 1946 until August 1954, when he came to Philadelphia to further his professional studies.

Defendant was a graduate student at the University of Pennsylvania in the Academic Year 1954–1955 and completed a course of surgery there. During this time he lived in an apartment on Pine Street, Philadelphia.

He then became a resident surgeon on the staff of Lankenau Hospital, near Philadelphia, and moved to a house in Havertown, Delaware County, Pa. He is not licensed to practice medicine in Pennsylvania, came to this state merely to further his education, and only purchased the house in Havertown, Pa., because he believed it would be cheaper to buy a house, live in it a year or two, and then dispose of it than to rent a home for that period of time. When asked at a deposition taken on August 2, 1956, if he intended to stay in Pennsylvania permanently, he replied "At the present time I have no such intention" (Document No. 30, p. 171).

His wife's family resided in Kansas throughout the time defendant was in this District prior to institution of this action, namely, August 1954–April 1956.

In determining where a suit might have been brought, the dissenting opinion in Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111, 116, which was quoted with approval in Hoffman v. Blaski, supra, 363 U.S. at page 343, 80 S.Ct. at page 1089, states:

"The district judge * * * had to decide whether the Northern District of Texas, was a place where the suits 'might have been brought'. A reasonable and obvious way of determining this was to see whether Congress in some other statute had designated the places where litigation of this sort might be brought.

* * * * * *

"This background suggests that proper venue in more than one forum is the limiting context of the Code revision and that within this context Section 1404(a) substitutes a broad power of transfer for a more restricted pre-existing power of dismissal. Plaintiffs are prevented from abusing their normal privilege of choice among districts of proper venue. At the same time, courts are directed to respect the legislative enumeration of places which Congress has deemed appropriate for the trial of various types of litigation." (186 F.2d at pages 116, 118)

Since the plaintiff was, in April 1956 (and is still), a resident and citizen of Kansas, this suit "might have been brought" in that district under the Congressional statutes (a) governing "Jurisdiction" in Chapter 85 of Title 28 U.S. Code covering Judiciary and Judicial Procedure, see 28 U.S.C.A. § 1332(a), and (b) governing "Venue" in Chapter 87 of that Title, see 28 U.S.C.A. § 1391(a). Plaintiff apparently takes the position that the record must establish conclusively defendant's "amenability to service of process" in the transferee district as "an indispensable condition for transfer." See paragraph 1, page 2, of Document No. 70. In view of this record, this position is rejected for these reasons:

A. Congress did not state in 28 U.S.C.A. § 1404(a) that transfer could be made to any district where it might have been brought and service on the defendant made promptly. In Hoffman v. Blaski, supra, relied on by plaintiff, the court held that the transfer could not be made because "the plaintiff did not have a right to bring it (the suit)" (363 U.S. at page 336, 80 S.Ct. at page 1086) in the transferee district,

which was not a prescribed forum for bringing the action in either Chapter 85 or Chapter 87 of Title 28 (see footnote 10 at page 341 of 363 U.S., at page 1088 of 80 S.Ct.). The court also stated that the defendant could not have been served with process in the transferee district (363 U.S. at pages 337 and 341, 80 S.Ct. at pages 1086 and 1088), but this was at most dictum and plaintiff has not pointed to any decision of the Supreme Court of the United States adopting its position. Cf. Continental Grain Co. v. Barge FBL–585, 1960, 364 U.S. 19, 80 S. Ct. 1470, 4 L.Ed.2d 1540.

The only decision of the United States Court of Appeals for the Third Circuit containing any discussion of this issue since the decision in Hoffman v. Blaski, supra,[3] is Hohensee v. News Syndicate, Inc., 3 Cir., 1961, 286 F.2d 527, 529, where the court said:

"The sole purpose of this section as well as its companion, 28 U.S.C. § 1404, was to provide a means for curing a defect in venue whether it be improperly laid or improper because of the inconvenience of the parties. Venue has to do with determining the proper place where litigation may proceed. It has nothing to do with determining the extent of the area in which a party defendant may be properly served."

B. A civil action may be brought and remain pending in a federal court without any service of process unless the plaintiff fails to use due diligence under all the circumstances in effecting service.

The above principle has been consistently recognized by the federal courts. See Schram v. Koppin, D.C.E.D.Mich. 1940, 35 F.Supp. 313; Schram v. Holmes, D.C.E.D.Mich.1943, 4 F.R.D. 119; Hukill v. Pacific & Arctic Railway & Navigation Co., D.C.D.Alaska 1958, 159 F.Supp. 571, 17 Alaska 498; Zhemeck v. J. H. Winchester & Co., D.C.E.D.Pa.1958, 23 F. R.D. 8, 9; Rutter v. Louis Dreyfus Corporation, D.C.E.D.Pa.1960, 181 F.Supp. 531, 533.

It is noted that this is not a case such as Hoffman v. Blaski, supra, where there was no possibility of making service on defendant. He had had many contacts with the transferee district over a period of fifteen years, except for five years of military service during World War II. He had no permanent intention to remain in Pennsylvania. His wife's family lived in the transferee district. There was a reasonable probability on this record that he could have been served in the transferee district within a reasonable time after institution of this suit on April 11, 1956.[4]

The motion for transfer will be granted.

---

**3.** Decisions of lower federal courts prior to this decision are not helpful since the court used this language in that case: "The decisions of the circuits (on the proper interpretation and application of § 1404(a)) are in great conflict and confusion" (363 U.S. at page 339, 80 S.Ct. at page 1087, including footnote 8). For this reason, the decisions cited by plaintiff in its opposition to the Motion (Document No. 70), all of which were decided prior to Hoffman v. Blaski, supra, are not persuasive. The undersigned has not been able to find any case decided since Hoffman v. Blaski, supra, where venue and jurisdiction, as prescribed by Congress in Chapters 85 and 87 of the Judicial Code, were proper and the court denied transfer because the defendant was not immediately amenable to service of process in the transferee district, even though it was quite possible he might be physically present there within a reasonable time after institution of suit.

**4.** This distinguishes such cases as Ragsdale v. Price, D.C.N.D.Tenn.1960, 185 F.Supp. 263, which presented no evidence of contacts with the transferee forum or possibility of service therein.