Joseph S. HORNICK, Plaintiff,

v.

S. & M. TRUCKING CO., Inc. and H. S. McCreary Lumber Co., Inc., Defendants, Third-party Plaintiffs,

v.

DORSEY TRAILERS, INC., Capitol Chevrolet, Inc., General Motors Corp. and Bendix-Westinghouse Automotive Air Brake Co., Third party Defendants.

Civ. No. 7197.

United States District Court
M. D. Pennsylvania.

Sept. 28, 1962.

Ettore S. Agolino, Pittston, Pa., for Joseph S. Hornick, plaintiff.

James P. Harris, Jr., Wilkes-Barre, Pa., for S. & M. Trucking Co., Inc. and H. S. McCreary Lumber Co., Inc., defendants and third-party plaintiffs.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for Dorsey Trailers, Inc., third-party defendant.

J. Frank Connolly, Scranton, Pa., for Bendix-Westinghouse Automotive Air Brake Co., third-party defendant.

SHERIDAN, Chief Judge.

These are motions by Dorsey Trailers, Inc., an Alabama corporation, and Bendix-Westinghouse Automotive Air Brake Co., a Delaware corporation, third-party defendants, to dismiss the third-party complaint, or to quash service and return of service of summons, on the ground that they are not engaged in business in Pennsylvania and are not subject to service of process within this state.

Plaintiff seeks damages for personal injuries resulting from an accident on May 8, 1959, between an automobile owned and operated by plaintiff and a tractor-trailer owned by S. & M. Trucking Co., Inc. and operated under the direction and control of H. S. McCreary Lumber Co., Inc. The accident occurred in Pittston, Luzerne County, Pennsylvania.

Jurisdiction is based on diversity of citizenship and the jurisdictional amount.

The complaint alleges that the accident was due to the negligence of the original defendants in the operation of the tractor-trailer. The third-party complaint alleges that the trailer was manufactured and sold by third-party defendant, Dorsey Trailers, Inc.; that the tractor was manufactured and sold by the third-party defendant, General Motors Corp.;[1] that the braking system was manufactured by third-party defendant, Bendix-Westinghouse Automotive Air Brake Co.; that the tractor was sold to original defendant, S. & M. Trucking Co., Inc., by third-party defendant, Capitol Chevrolet, Inc.;[2] and that the accident was caused by defective braking systems in the tractor-trailer.

Service upon Dorsey was attempted under the Pennsylvania Nonresident Motorist Service Act, 75 P.S. § 2001 et seq., by serving a copy of the complaint upon the Secretary of the Commonwealth of Pennsylvania and sending Dorsey a copy of the complaint by registered mail. Service upon Dorsey was also attempted by serving a copy of the complaint upon the manager of Valley White Truck Co., Forty Fort, Pennsylvania, as agent of Dorsey.

Service upon Bendix-Westinghouse was attempted by serving a copy of the

---

1. General Motors Corp. entered an appearance and answered on the merits.

2. By order, dated June 28, 1961, the court granted the motion of Capitol Chevrolet, Inc. to quash the service of summons and the return of service of summons.

complaint upon the manager of United Equipment, Inc., Philadelphia, Pennsylvania, as agent of Bendix-Westinghouse.

■ Motion affidavits were filed by both Dorsey and Bendix-Westinghouse. Counter-affidavits were not filed. Accordingly, the averments of fact contained in the affidavits are deemed admitted for the purpose of the motions. Rohlfing et al. v. Cat's Paw Rubber Co. et al., N.D.Ill., E.D.1951, 99 F.Supp. 886, 893. These facts and the answers of Dorsey and Bendix-Westinghouse to interrogatories show clearly that the respective motions to quash the service of summons should be granted.

■■ Dorsey manufactured the trailer, which included the installation of the braking system. Dorsey sold the trailer to Felts Trailer and Equipment, Inc., at Dothan, Alabama, which resold it to defendant, S. & M. Trucking Co., Inc. Dorsey was neither the owner nor operator of the tractor-trailer, nor was it being operated in its behalf. Jurisdiction was not conferred under 75 P.S. § 2001 et seq. Valley White is not a subsidiary or agent of Dorsey either for service of process or for any other purpose. Dorsey does not maintain a place of business in Pennsylvania, and is not authorized to do business in Pennsylvania. The attempted service on Dorsey by serving the manager of Valley White was a nullity.

■■ Bendix-Westinghouse does not own any stock in United Equipment, or have any part in its management, control or operation. United is not either an agent, servant or employee of Bendix-Westinghouse. Bendix-Westinghouse does not have a place of business in Pennsylvania, and is not authorized to do business in Pennsylvania. This attempted service was also a nullity. The marshal's return of service is not conclusive of the fact of agency recited therein, and cannot be accepted in view of the affidavits and answers to interrogatories. Rutter v. Louis Dreyfus Corporation, E.D.Pa.1960, 181 F.Supp. 531, 533.

■ Since these third-party defendants are not authorized to do business in Pennsylvania, and since service of process was not attempted under the Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011, subd. B, relating to service upon nonauthorized foreign corporations doing business in Pennsylvania, it is not necessary to decide whether the third-party defendants' other activities amount to "doing business" within the meaning of this law. It should be noted, however, that service of process under this law is valid only against foreign corporations whose negligent acts or omissions took place in Pennsylvania, irrespective of where the injury occurred. See Rufo v. The Bastian-Blessing Company, 1961, 405 Pa. 12, 18–23, 173 A.2d 123.

The motions of Dorsey Trailers, Inc. and Bendix-Westinghouse Automotive Air Brake Co. to quash service and return of service of summons will be granted.