Ruby F. COWLES, Administratrix of the Estate of Earl Baker, Jr., Deceased, Libellant,

v.

C. William KINZLER, individually and trading and doing business as the Charles K or the Charles K, Inc., the Bill K or the Bill K, Inc., the John K or the John K, Inc., the Columbia Marine Service, Inc., and the Kathleen K or the Kathleen K, Inc., the M/V CHARLES K, or any other vessel of respondents, her boilers, engines, tackle, apparel and furniture in a cuse of contract and damages under maritime law.

No. 63–26.

United States District Court
W. D. Pennsylvania.

Nov. 18, 1963.

64

---

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff-libellant.

Harold Schmidt and John R. Bredin, Pittsburgh, Pa., for defendants.

ROSENBERG, District Judge.

A libel in admiralty was here filed setting forth that Earl Baker, Jr., was a seaman who suffered death in Kentucky waters while a member of the crew of the M/V Kathleen K., a motor vessel owned by Kathleen K., Inc., which in turn was owned by a corporation known as the Columbia Marine Service, Inc.; that the Kathleen K. in the accident by which Earl Baker, Jr., met his death has sunk and become salvaged and title acquired by an individual not a party here; that Columbia Marine Service, Inc., was also the owner of the corporation the Charles K., Inc., which in turn owned the M/V Charles K; that Columbia Marine Service, Inc., was also the owner of other corporate owners of individual boats; and that the respondent, C. William Kinzler, was the sole owner of Columbia Marine Service, Inc., and the actual owner in control of all the boats, which had been incorporated for the purpose of evading the said Kinzler's lawful obligations towards his employee seamen.

At the time of filing the complaint or subsequently thereto, it appears that the M/V Charles K sailed into Western Pennsylvania waters and the libellant's proctor instructed the United States Marshal to make personal service or attachment, as the case may have been, but as argued with the intention of instituting suit in personam in this District.

After the M/V Charles K was served, the proctor for the boat, John R. Bredin, Esquire of Pringle and Bredin, filed exceptions to the attachment and requested that the libellant be required to show cause forthwith why the arrest or attachment should not be vacated on the basis of the averments contained in the libel. The proctor entered a special appearance to further the process of the exceptions. After that, Harold R. Schmidt, Esquire of Rose, Houston, Cooper and Schmidt appeared specially and solely to file a claim for and contest the arrest and attachment of its vessel, the M/V Charles K and in behalf of Charles K, Inc.

The question was further complicated by the representation of the United States Attorney in behalf of the United States Marshal who asserted that the Marshal's fees in the attachment process, which was continuing, was unwarranted

in law and threatened the Marshal with personal liability.

A hearing was scheduled for the purpose of examining these questions preliminarily. Testimony was presented by both sides. As the case is now presented, there is doubt as to whether or not the claim has merit. The action was actually instituted by attaching a boat, but plaintiff's counsel maintains that this was in personam service.

 It is true that " * * * admiralty has no special restrictive rules of venue applicable to libels *in personam*. Rather, a 'libel *in personam* may be maintained for any [maritime] cause * * * wherever a monition can be served upon the libelee, or an attachment made of any personal property or credits of his; * * *.' In re Louisville Underwriters, 1890, 134 U.S. 488, 490, 10 S.Ct. 587, 588, 33 L.Ed. 991. See also Brown v. C. D. Mallory & Co., supra, 122 F.2d [98] at 101. Even 'in a district in which there is no person who can be served with process and no property which can be seized', suit should be entertained 'if it is made to appear that property which can be seized under process therein is expected to be within the district shortly.' Internatio-Rotterdam, Inc. v. Thomsen, 4th Cir. 1955, 218 F.2d 514, 515. Accord Thompson v. Trent Maritime Co., Ltd., E.D.Pa.1957, 149 F.Supp. 468. * * * " Leith v. Oil Transport Company, Inc., and *American Marine Corporation, 3rd Cir.* 1963, 321 F.2d 591.

 However, there is involved here service upon a boat which is disputedly the property of a proper (also disputed) defendant, with all of which we are now concerned. From the complaint as filed, the burden will be upon the plaintiff to pierce, if he can, presently obvious facts and convert them into contrary facts. However, an action even by a party in forma pauperis may not be frivolous. United States of America ex rel. Garcia v. Martin, 2 Cir., 271 F.2d 298, 301. And if the libellant's claim is without merit or based upon conjecture, he cannot be permitted to prevail.

But there is no way of knowing at this incipient stage of the case whether this is either a meritorious or provable action. If it contains the slightest iota of merit which may open hidden evidence supporting the claim set forth in the complaint, it should be allowed as a matter of equity. It was for this reason that a hearing was held, but no basic facts were produced either for the libellant or for the respondents appearing specially that any claim or defense was in order. It is now apparent that if this case has any merit, it may be brought out in accordance with the processes provided in our Federal Rules in a more leisurely manner, than could possibly have been shown at the hearing.

Since the proctor for the libellant has assured the Marshal against possible embarrassment, this matter is disposed of, as of the end of the hearing, by the following order:

## ORDER

And now, to-wit, this 18th day of November, 1963, it is hereby ordered that the United States Marshal deliver up possession of the M/V Charles K forthwith into the hands of counsel, John R. Bredin, Esquire, appearing specially for the M/V Charles K, and Harold R. Schmidt, Esquire, appearing specially for the Charles K, Inc., without release either of the M/V Charles K insofar as any legal right may exist on the part of the libellant, and without a release of the parties who appeared specially through counsel insofar as the facts may prove them to be real parties, and without any prejudice to their respective rights, and further, without granting the libellant any rights other than that which will or may be proven through the exercise of proper procedure, and finally preserving in all the parties the right to take such measures as they may deem requisite at any and all times.