**GRANITE CHEMICAL CORPORATION, also known as Granite Chemical Company, a corporation duly organized and existing under the laws of the State of Massachusetts, Libellant,**

v.

**NORTHEAST COAL & DOCK CORPORATION, a Maine Corporation, and Kali-Transport Gesellschaft M.B.H. and Schulte & Bruns, both of the Federal Republic of Germany, Respondents.**

**No. 247.**

United States District Court
D. Maine, S. D.
Jan. 18, 1966.

C. Daniel Ward, Portland, Me., for libellant.

Benjamin Thompson, Thomas R. McNaboe, Portland, Me., Albert C. Blanchard, Bangor, Me., for respondents.

GIGNOUX, District Judge.

This is a libel in personam to recover for damage to a cargo of saltcake which was shipped from Bremen, Germany, to Bucksport, Maine, in March 1964 aboard the SS ELISABETH SCHULTE, a vessel owned by respondent Schulte & Bruns and under charter to respondent Kali-Transport Gesellschaft M.B.H. The libel was filed on June 30, 1965. On July 1, 1965, a Deputy United States Marshal attempted service upon Schulte & Bruns by serving a citation with a copy of the libel upon Chase, Leavitt & Co., a general steamship agency in Portland, Maine. Schulte & Bruns has filed a special appearance and motion to quash the service on the ground that it is a foreign corporation and at the time of service was doing no business in the State of Maine and had no agent in this state upon whom service could be made.

From the record and uncontroverted affidavit submitted in support of the motion, it appears that Schulte & Bruns is a corporation organized under the laws of

the Federal Republic of Germany, with its principal place of business at Hamburg, Germany. It maintains no office, has no employees, and owns no property, bank account or other assets, within the State of Maine. It has not solicited, transacted or obtained any freight or passenger business in Maine, and has never designated any agent upon whom service of process may be had in Maine. In the last five years the only vessel owned or operated by Schulte & Bruns which has visited a Maine port was the SS ELISABETH SCHULTE in March 1964. By the charter party covering the shipment of saltcake involved in this litigation, Chase, Leavitt & Co. was designated by the ship's charterer, the respondent Kali, as husbanding agent for the SS ELISABETH SCHULTE for the specific call at the port of Bucksport in March 1964. As such, Chase, Leavitt & Co. arranged for pilots entering and clearing the port and performed other normal husbanding services. Schulte & Bruns has never authorized Chase, Leavitt & Co. to accept service of process on its behalf, and there has never been any agreement, written or otherwise, providing for any continuing agency relationship between Schulte & Bruns and Chase, Leavitt & Co.

■■ From the foregoing recital of the facts, it is clear that on July 1, 1965, when the attempted service was made in this case, there was no agency relationship in existence between Schulte & Bruns and Chase, Leavitt & Co. In July 1965, Chase, Leavitt & Co. was not performing any service of any kind for Schulte & Bruns, its last and only services having been rendered in March 1964. Under such circumstances it is unnecessary to determine whether or not, as libellant contends, service upon a mere husbanding agent is sufficient to bind the owner of a vessel while the agent is actually performing its duties as such. See George H. McFadden & Bros. v. The M/S Sunoak, 167 F.Supp. 132, 135 (E.D.

Va.1958). In the instant case the service upon Chase, Leavitt & Co. was plainly insufficient to bind Schulte & Bruns under the established rule that when the person served is not the agent of the respondent at the time of the attempted service of process, the attempted service is ineffectual. George H. McFadden & Bros. v. The M/S Sunoak, supra; Novitski v. Lykes Steamship Co., 90 F.Supp. 971 (E.D.Pa.1950); Miller v. The Sultana, 79 F.Supp. 877 (W.D.N.Y.1948), rev'd on other grounds, 176 F.2d 203 (2d Cir.), cert. denied, 338 U.S. 907, 70 S.Ct. 303, 94 L.Ed. 558 (1949); Holland v. Parry Nav. Co., 7 F.R.D. 471 (E.D.Pa. 1947); Andrade v. American Mail Lines, Ltd., 71 F.Supp. 201 (D.R.I.1947); Spreckels Sugar Co. v. South Atl. S.S. Lines, 55 F.Supp. 670 (S.D.Ga.1944); Johnson v. Black Diamond Lines, 36 F.Supp. 721 (E.D.Pa.1941).

The cases of Murphy v. International Freighting Corp., 182 F.Supp. 636, 639 (D.Mass.), aff'd, 283 F.2d 392 (1st Cir. 1960); Murphy v. Arrow Steamship Co., 124 F.Supp. 199 (E.D.Pa.1954); and Jenkins v. Lykes Bros. S.S. Co., 48 F.Supp. 848 (E.D.Pa.1943), upon which libellant relies, are plainly distinguishable. Unlike the present case, each of these cases involved a continuous and regular pattern of business relations between the husbanding agent and the shipowner, even though such activity was on a ship-to-ship basis. Furthermore, in Murphy v. International Freighting Corp. and Jenkins v. Lykes Bros. S.S. Co. it appears that on the date when service was made on the alleged agent, the latter was actually performing its duties as an agent for the defendant steamship company.[1]

In view of the fact that Chase, Leavitt & Co. was not acting as an agent for Schulte & Bruns at the time of the service of process upon the former, the motion to quash the service must be granted.

It is so ordered.

---

1. Although this fact is not evident from the opinion in Jenkins v. Lykes Bros. S.S. Co., the omission was supplied in the subsequent opinion of the same court in Holland v. Parry Nav. Co., supra, 7 F.R.D. at 473.