## MAX DAETWYLER CORP.

v.

## R. MEYER.

Civ. A. No. 81–4712.

United States District Court, E.D. Pennsylvania.

April 13, 1983.

Manny Pokotilow, Caesar, Rivise, Bernstein & Cohen, Ltd., Philadelphia, Pa., for plaintiff.

Robert C. Podwil, Wolf, Block, Shorr & Solis-Cohen, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

In this action, plaintiff alleges that defendant is infringing its patent for "doctor blades." Doctor blades are blade-shaped devices with reduced thickness edges; they are used to wipe ink from printing surfaces used in rotogravure printing techniques. Plaintiff, Max Daetwyler Corporation ("Daetwyler"), is a New York corporation that manufactures and sells doctor blades. Defendant, Rolf Meyer ("Meyer"), is a West German citizen doing business as a sole proprietor. He manufactures and sells doctor blades. Meyer Declaration ¶¶ 1, 2.

Defendant has filed a motion to dismiss for lack of in personam jurisdiction. He asserts that doctor blades of his manufacture sold in the United States are sold through his independent distributor, Henry P. Korn Associates, Inc. ("Korn"), whose office is in New York. Meyer Declaration ¶ 2. Further, defendant states that he has never been to Pennsylvania and has never done business in Pennsylvania. Meyer Supplemental Declaration ¶ 2. Plaintiff, on the other hand, claims that this court may assert jurisdiction over defendant based on the shipments of his doctor blades to two United States companies, which then sell the doctor blades in the United States, and on advertisements of his doctor blades that appear in trade publications distributed throughout the United States.

When a defendant's motion to dismiss raises a jurisdictional question, the burden to prove that jurisdiction exists falls on the plaintiff. *Myers v. American Dental Association,* 695 F.2d 716, 724 n. 10 (3d Cir.1982). Plaintiff's first arguments claim that this court may assert jurisdiction over defendant under the "transacting business" provision of Pennsylvania's long arm statute. *See* 42 Pa.Cons.Stat.Ann. § 5322(a)(1) (Purdon 1981). Because this case presents a federal question, however, the issue whether jurisdiction may be asserted over defendant must be determined by reference to federal law. *Cryomedics, Inc. v. Spembly, Limited,* 397 F.Supp. 287, 288 n. 3 (D.Conn. 1975). *See Hold v. Klosters Rederi A/S,* 355 F.Supp. 354 (W.D.Mich.1973).

Plaintiff argues that defendant transacts business in Pennsylvania, albeit indirectly, through Uddeholm Corporation, a Delaware Corporation that plaintiff alleges acts as a "middleman or distributor" for defendant's sales of doctor blades in the United States. Customers in Pennsylvania order Meyer doctor blades from Uddeholm, which then ships the blades to the customers from Uddeholm's warehouse in Cleveland, Ohio. Deposition of Uddeholm Corporation, by Thomas W. Knudsen ("Knudsen Deposition") at 26–31 (January 5, 1982). Plaintiff also argues that Uddeholm extensively advertises defendant's doctor blades in trade publications available in Pennsylvania and throughout the United States.

Defendant, however, sets forth a somewhat different version of the facts. First, defendant denies that Uddeholm acts as a "middleman or distributor" in selling Meyer doctor blades in Pennsylvania or elsewhere. Rather, defendant argues, Uddeholm takes title to the doctor blades before they leave West Germany. Knudsen Deposition at 56. Second, defendant points out that Uddeholm's advertisements of doctor blades do not refer to defendant. *See* plaintiff's exhibits D, E, F, & G. Third, although Uddeholm occasionally instructs Meyer to ship doctor blades directly to customers rather than to Uddeholm's warehouse, no such direct shipments have been sent by Meyer to Pennsylvania customers. Knudsen Deposition at 27. Finally, defendant declares that the doctor blades he sells in the United States are sold through his independent American distributor, Henry P. Korn Associates, Inc., whose office is in New York. Meyer Declaration ¶ 2. Korn, however, has not sold the Meyer doctor blades in Pennsylvania. Korn Deposition (December 29, 1982) at 43. Moreover, Korn's advertisements have never referred specifically to defendant's doctor blades. *Id.* at 79.

Were jurisdiction over defendant to be tested solely by his contacts with Pennsylvania, one would be hard pressed, on these facts, to find contacts sufficient to satisfy Fifth Amendment standards. However, "[w]hen a federal court is asked to exercise personal jurisdiction over an alien defendant sued on a claim arising out of federal law, jurisdiction may appropriately be determined on the basis of the alien's aggregated contacts with the United States as a whole, regardless of whether the contacts with the state in which the district court sits would be sufficient if considered alone." *Cryomedics,* 397 F.Supp. at 290. *See Worldwide Marine Trading Corp. v. Marine Transport Service,* 527 F.Supp. 581, 586–87 (E.D.Pa.1981); *see also Alco Standard Corporation v. Benalal,* 345 F.Supp. 14, 24–25 (E.D.Pa.1972). Underlying this jurisdictional rule is the notion that "it is not the territory in which a court sits that determines the extent of its jurisdiction, but rather the geographical limits of the unit of government of which the court is a part." *Cryomedics,* 397 F.Supp. at 291. Testing jurisdiction according to an alien's contacts with the forum state alone might result in barring suit in any district in the United States, despite sufficient aggregate contacts. *See Engineered Sports Products v. Brunswick Corp.,* 362 F.Supp. 722, 728 (D.Utah 1973). Moreover, an alien defendant that transacts business in the United States only through others "has no reason based on fairness to prefer any one particular district to any other. . . ." *Cryomedics,* 397 F.Supp. at 292; *Centronics Data Com-*

*puter Corp. v. Mannesmann,* 432 F.Supp. 659 (D.N.H.1977).[1]

■ Meyer's own declaration in this case, submitted in support of the motion to dismiss, states that he sells his doctor blades in the United States and that he ships them to New York and Chicago from West Germany. Meyer Declaration ¶¶ 2, 4. Moreover, at the request of Uddeholm Corporation, Meyer sometimes makes direct shipments to Uddeholm's customers in the United States. Knudsen Deposition at 26–27. Therefore, under the national contacts test articulated above, jurisdiction over defendant Meyer exists in this district.[2] Accordingly, in an order to be entered today, defendant's motion to dismiss will be denied.

---

1. *Cf.* Judge Bownes' observation in *Centronics:* "New Hampshire, as an Eastern Seaboard state is as convenient as any which does not have an international airport." 432 F.Supp. at 664.

2. In ruling on plaintiffs' motion to compel discovery of all defendants' nationwide contacts, Judge Troutman in *Superior Coal Company v. Ruhrkohle, A.G.,* 83 F.R.D. 414, 418 (E.D.Pa. 1979), rejected plaintiffs' "national contacts"

theory. With great respect for my Brother Troutman, I find Judge Newman's *Cryomedics* analysis more persuasive. As Judge Newman pointed out in *Cryomedics,* 397 F.Supp. at 290, "If the defendant's contacts with the United States are sufficient to satisfy the fairness standards of the Fifth Amendment ... then the only limitation on place of trial would be the doctrine of *forum non conveniens.*"