Edward D. JOHNSTON, Andrew G. Robertson, Norman E. Jennings, Joseph Dobrowski, William S. Keene, Plaintiffs-Appellants,

v.

FRANK E. BASIL, INC., Sibc-Basil, Saudi International Business Center, George S. Wassif, Elmer W. Dailey, Jr., Defendants-Appellees.

No. 86–7286
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 17, 1986.

---

S. Robert Brooks, III, Mobile, Ala., for plaintiffs-appellants.

Patricia H. Wittie, Kirkpatrick & Lockhart, Washington, D.C., for defendants-appellees.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

GODBOLD, Circuit Judge:

▇ AFFIRMED on the order of the district court dated March 24, 1986, attached as an appendix hereto.

## APPENDIX

### ORDER

This cause is before the Court on plaintiff's motion to reconsider this Court's order of February 21, 1986 dismissing this action on the grounds that the Court lacked personal jurisdiction over the defendants. Upon consideration of the motion and the record as a whole, the Court concludes that its order of February 21, 1986 is due to be affirmed.

The Court is unpersuaded that *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir.1985) and *Bean Dredging Corp. v. Dredge Technology Corp.*, 744 F.2d 1081 (5th Cir.1984) dictate a contrary decision. Both of these actions involved the sale and shipment of a defective product into the forum state for use in the forum state and an injury sustained in the forum state as a result of the defective product. In such circumstances, the single purposeful contact was held to be sufficient to satisfy due process. Likewise, in *Brooks v. Inlow*, 453 So.2d 349 (Ala.1984), a forum resident, employed by a non-resident corporation to work in the forum state at a business operated by the non-resident, brought suit for personal injuries sustained in the forum. Therefore, the significant contacts found in *Brooks* are distinguishable from the case at bar.

Plaintiffs also rely upon *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) for the proposition that the recruiting activities of the defendants constitute sufficient contacts with the State of Alabama to subject these defendants to the jurisdiction of the courts of Alabama for any damage resulting from breach of the subsequently exe-

cuted employment contracts.[1] While it is true that, in *Burger King,* the Supreme Court found that the out-of-state defendant had purposefully established minimum contacts with the forum by entering into a contract—a long-term franchise agreement—with a resident of the forum, the court emphasized:

> [W]e note a continued division among lower courts respecting whether and to what extent a contract can constitute a "contact" for purposes of due process analysis. (citations omitted). If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on "mechanical" tests (citation omitted), or on "conceptualistic theories of the place of contracting or of performance" (citation omitted). Instead, we have emphasized the need for a "highly realistic" approach that recognizes that a "contract" is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." (citation omitted). It is these factors— prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

471 U.S. at 478–79, 105 S.Ct. at 2185–86, 85 L.Ed.2d at 544–45. The Supreme Court also emphasized that it was the actions of the defendant *himself* that must create a "substantial connection" with the forum in order to satisfy the requisite contact element and not "the unilateral activity of those who claim some relationship with a non-resident defendant." [2] 471 U.S. at 474, 105 S.Ct. at 2183, 85 L.Ed.2d at 542, citing *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). See also, *Stuart v. Spademan,* 772 F.2d 1185 (5th Cir.1985); *Sporting Goods Distributors, Inc. v. Whitney,* 498 F.Supp. 1088 (N.D. Fla.1980) (distinguished on the facts in *Brooks v. Inlow, supra,* 453 So.2d at 355– 56).

■ As applied to the case at bar, this Court concludes that an advertisement in an Alabama newspaper offering employment opportunities to qualified applicants, said employment to be performed entirely outside Alabama, or the sending of an agent to interview an Alabama resident (plaintiff Johnston) for such employment at the instigation of that resident does not satisfy the principles espoused by the Supreme Court or the requisites of due process. Such activities do not fall within the realm of purposeful availment of the benefits and protections of Alabama laws.

■ Neither of the defendants resides in, is licensed to do business in, or does business in Alabama. Neither has an office, telephone listing, post office box or street address in Alabama. No bank accounts are maintained in Alabama. The defendants have no customers in Alabama and derive no income from within the state. Neither owns or leases any real property in Alabama. In addition, all the significant events occurred outside the State of Alabama. Each of the employment contracts was executed in states other than Alabama. The alleged breach occurred outside Alabama. To hold that these defendants have subjected themselves to the judicial jurisdiction of Alabama by the simple act of

---

**1.** Plaintiffs specifically contend that: "The act of solicitation of Alabama residents to enter into an employment with the Defendants as in the case of [plaintiff Johnston], and doing so on a continuing basis is a form of 'minimum contacts' with this state that tends to show that the Defendants intended to come within the jurisdiction of the Courts of this state."

**2.** In Burger King, the defendant was found to have "deliberately reached out beyond Michigan and negotiated with a Florida corporation for the purchase of a long-term franchise," a business relationship of more complicated dimensions than that of an employer/employee relationship.

employing an Alabama resident to perform services not within the state, under a contract executed elsewhere which expressly states that the parties intend to be governed, not by Alabama law, but by the law of the place of employment (Saudi Arabia) would be totally inconsistent with the United States Constitution.

It is, therefore, ORDERED that this Court's decision of February 21, 1986 dismissing this action for lack of in personam jurisdiction be and is hereby AFFIRMED.