**Edward L. KING, Plaintiff,**

v.

**McALLISTER BROTHERS, INC., et al., Defendants.**

**Civ. A. No. 86–0148–BH.**

United States District Court, S.D. Alabama, S.D.

Jan. 13, 1987.

Richard F. Pate, Mobile, Ala., for plaintiff.

Joseph M. Allen, Jr., Thomas S. Rue, Mobile, Ala., for defendants.

## ORDER

HAND, Chief Judge.

This cause is before the Court on defendants' motion to dismiss for lack of personal jurisdiction and insufficiency of service of process. Plaintiff, Edward L. King, was employed as the captain of the tug GAVIOTA, which was allegedly owned, operated, chartered, managed, or controlled by the defendants. Defendants include McAllister Brothers, Inc., McAllister Towing and Transportation Company, Panama Tug Services, and Petroterminal de Panama, S.A., all of which are foreign corporations. On June 3, 1984, plaintiff was injured when he fell from a ladder on the GAVIOTA, purportedly suffering severe and permanent injuries to his left leg. The injury occurred in the territorial waters of Panama. Plaintiff brought suit in the United States District Court for the Southern District of Alabama, seeking relief under the Jones

Act and general maritime law. Defendants subsequently moved to dismiss the action, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction and for insufficiency of service of process.

■ Personal jurisdiction in diversity cases normally turns on whether the defendants have sufficient "minimum contacts" with the forum state to satisfy the due process requirements of the fourteenth amendment. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Terry v. Raymond International, Inc.*, 658 F.2d 398, 401 (5th Cir.1981), *cert. denied*, 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982). *See generally*, 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1075 (1969). Amenability to a federal court's jurisdiction in federal question cases, however, is governed by the due process clause of the fifth amendment. *Handley v. Indiana & Michigan Electric Co.*, 732 F.2d 1265, 1271 (6th Cir.1984); *Lapeyrouse v. Texaco, Inc.*, 693 F.2d 581, 585 (5th Cir. 1982); *Burstein v. State Bar of California*, 693 F.2d 511, 514 (5th Cir.1982); *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 283 (3d Cir.), *cert. denied*, 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981); *Hartley v. Sioux City and New Orleans Barge Lines, Inc.*, 379 F.2d 354, 356 (3d Cir.1967). Nevertheless, most courts in federal question cases have continued to apply fourteenth amendment standards by analogy and have required the existence of minimum contacts with the states in which the district courts were sitting. *See, e.g., Handley*, 732 F.2d at 1272; *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1269–72 (5th Cir.1983); *Lapeyrouse*, 693 F.2d at 586–89; *Burstein*, 693 F.2d at 517–23; *Terry*, 658 F.2d at 403; *DeJames*, 654 F.2d at 284; *Lone Star Package Car Co. v. Baltimore & Ohio Railroad Co.*, 212 F.2d 147, 155 (5th Cir. 1954); *Colon v. Gulf Trading Co.*, 609 F.Supp. 1469 (D. Puerto Rico 1985); *Vest v. Waring*, 565 F.Supp. 674, 694 (N.D.Ga. 1983); *Gutierrez v. Raymond International, Inc.*, 484 F.Supp. 241 (S.D.Tex. 1979).

■ The Fifth Circuit has held that, when service of process in a federal question case is made pursuant to state law through Rule 4(e) or 4(d)(7)[1] of the Federal Rules of Civil Procedure, the federal court can exercise jurisdiction only if a state court in that state could have exercised jurisdiction. *DeMelo*, 711 F.2d at 1269; *Burstein*, 693 F.2d at 517. In other words, fourteenth amendment due process standards must be applied and minimum contacts must be found with the state in which the federal court is sitting.

The minimum contacts requirement must be met regardless of which provision of Rule 4 is utilized to serve process. The *Burstein* court noted that Rule 4(e) was designed to provide for service on parties who are not residents of the forum state, and that Rule 4(e), by negative implication, precludes the use of the provisions of Rule 4(d) to serve nonresident parties. *Burstein*, 693 F.2d at 514–15. Rule 4(e) requires that service under state law be made "under the circumstances and in the manner prescribed in the statute or rule." Since a state court's jurisdiction would be limited by the due process clause of the fourteenth amendment, a federal court relying on state rules for service of process through Rule 4(e) must be subject to the same limitations. *Burstein*, 693 F.2d at 514.

---

1. Former Rule 4(d)(7) permitted service on individual and corporate defendants to be made "in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." 28 U.S.C.A. Rule 4(d)(7) (West 1960). The 1983 amendments to Rule 4 deleted subdivision (d)(7) and added the present subdivision (c). Rule 4(c)(2)(C)(i) now provides that individual and corporate defendants may be served "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State...." 28 U.S.C.A. Rule 4(c)(2)(C)(i) (West Supp.1986). Given the similarity of these rules, it appears that much of the case law regarding former Rule 4(d)(7) should be equally applicable to Rule 4(c)(2)(C)(i).

The *DeMelo* court concluded that Rule 4(d)(7) might provide an alternative method of service of process on nonresident defendants. *DeMelo,* 711 F.2d at 1267–68. The court also concluded, however, that the "under the circumstances" requirement of Rule 4(e) could not be circumvented by relying on Rule 4(d)(7). *Id.* Thus, minimum contacts with the forum state are necessary when service of process on nonresident defendants is being made under state rules through Rule 4(d)(7).

Finally, Rule 4(d)(3) cannot be used to circumvent the requirements of Rule 4(e). Rule 4(d)(3) provides for service on corporations and partnerships. The court in *De-James* held that Rule 4(d)(3) can be used only when service is affected within the territorial limits of the forum state. *De-James,* 654 F.2d at 287. Additionally, it is generally held that Rule 4(d)(3) cannot be used by federal courts to establish a federal standard of amenability to suit independent of Rule 4(d)(7). See *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir.1963). *See generally* 4 C. Wright & A. Miller, *supra,* at 305–10.

The plaintiff argues that, because fifth amendment due process standards apply in federal question cases, minimum contacts should be measured against the United States rather than the state in which the district court is sitting. A number of courts have adopted this theory, which is generally referred to as the "aggregate contacts" theory. *See, e.g., Federal Trade Commission v. Jim Walter Corp.,* 651 F.2d 251, 256 (5th Cir.1981); *Texas Trading v. Federal Republic of Nigeria,* 647 F.2d 300, 314 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982); *Clement v. Pehar,* 575 F.Supp. 436, 438 (N.D.Ga.1983); *Max Daetwyler Corp. v. Meyer,* 560 F.Supp. 869, 870 (E.D. Pa.1983); *Cryomedics, Inc. v. Spembly, Ltd.,* 397 F.Supp. 287, 290 (D.Conn.1975); *Holt v. Klosters Rederi A/S,* 355 F.Supp. 354, 357 (W.D.Mich.1973); *Edward J. Moriarty & Co. v. General Tire & Rubber Co.,* 289 F.Supp. 381, 390 (S.D.Ohio 1967); *see also Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229, 1237–39 (6th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981). *See generally* 4 C. Wright & A. Miller, *supra,* § 1075 at 177–79 (West Supp.1985). Some of these cases, however, can be distinguished insofar as they involve federal statutes that authorize nationwide service of process. *See Jim Walter Corp.,* 651 F.2d at 253 (Federal Trade Commission Act); *Texas Trading,* 647 F.2d at 308 (Foreign Sovereign Immunities Act); *Clement,* 575 F.Supp. at 438 (RICO). Moreover, as demonstrated earlier, most courts have required minimum contacts with the forum state in federal question cases, particularly those where nationwide service of process is not authorized by statute and service is obtained pursuant to state statutes. This trend is especially true of cases involving maritime suits. *See, e.g., Handley,* 732 F.2d at 1272 (Jones Act); *DeMelo,* 711 F.2d at 1269–72 (LHWCA); *Lapeyrouse,* 693 F.2d at 586–89 (OCSLA, LHWCA, Jones Act, general maritime); *Terry,* 658 F.2d at 403 (Jones Act); *DeJames,* 654 F.2d at 284 (general maritime); *Colon,* 609 F.Supp. at 1469 (Jones Act); *Gutierrez,* 484 F.Supp. at 241 (Jones Act, Death on the High Seas Act); *Scott v. Middle East Airlines Co., S.A.,* 240 F.Supp. 1 (S.D.N.Y.1965) (Death on the High Seas Act). This Court intends to follow this general trend in the absence of directions to the contrary from the Eleventh Circuit Court of Appeals.

Admittedly, it seems odd to allow a fourteenth amendment due process standard that is normally applicable to the states to restrict the jurisdiction of federal courts in federal question cases. In a case quite similar to the present action, however, the Third Circuit addressed this problem as follows:

The New Jersey long-arm rule is intended to extend as far as is constitutionally permissible. In enacting its long-arm rule, the state of New Jersey is limited by the due process constraints of the fourteenth amendment. Therefore, we believe that [a nonresident defendant's] amenability to suit in the District of New Jersey must be judged by fourteenth amendment standards. We recognize that this creates an anomalous situation because it results in a federal court

in a nondiversity case being limited by the due process restrictions imposed on the states by the fourteenth amendment as opposed to those imposed on the federal government by the fifth amendment. However, it would be equally anomalous to utilize a state long-arm rule to authorize service of process on a defendant in a manner that the state body enacting the rule could not constitutionally authorize. The anomaly of a federal court being limited by the requirements of the fourteenth amendment in a nondiversity case where service must be made pursuant to a state long-arm rule could be easily rectified by congressional authorization of nationwide service of process for admiralty cases. It is not within our province to create such authorization.

*DeJames*, 654 F.2d at 284. This Court agrees with the Third Circuit's analysis of this situation. Therefore, in the case at bar, the plaintiff must demonstrate that the defendants are amenable to suit in Alabama before this Court can assume jurisdiction over them in this action.

Defendants McAllister Brothers, Inc. and McAllister Towing and Transportation, Inc. were served by certified mail pursuant to Rule 4(c)(2)(C)(i) of the Federal Rules of Civil Procedure and Rule 4.2(b)(1) of the Alabama Rules of Civil Procedure. Service on defendants Panama Tug Services and Petroterminal de Panama, S.A. was made pursuant to Rule 4(d)(3) and Rule 4(c)(2)(C)(i) by serving Page & Jones, Inc., a customhouse broker and steamship agent in Mobile, Alabama, also by certified mail. The Alabama Rules extend jurisdiction to the limits that due process allows. Rule 4.2(a)(2)(I) provides that process can be served on out-of-state defendants "so long as the prosecution of the action against [them] in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." *Ala.Code* Rule 4.2(a)(2)(I) (1975).

The requirements of the due process clause of the fourteenth amendment are satisfied so long as nonresident defendants have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Plaintiff has the burden of establishing this court's personal jurisdiction over the defendants. *DeMelo*, 711 F.2d at 1270. When a district court decides a motion to dismiss on the basis of affidavits and depositions, plaintiff can meet his burden by presenting a prima facie case for personal jurisdiction. *Id.* at 1270–71. All conflicts in the facts based on the affidavits must be resolved in plaintiff's favor. *Id.* at 1271.

After reviewing all of the pleadings, arguments, interrogatories, and affidavits filed on the jurisdictional issue, this Court concludes that plaintiff has failed to make out a prima facie case for personal jurisdiction. It is clear from the defendants' affidavits and their responses to plaintiff's interrogatories that none of the defendants are incorporated in Alabama, that none of them have their principle place of business in Alabama, and that none of them are licensed to do business in Alabama. Plaintiff does not contest otherwise. Plaintiff does, however, argue that the defendants had sufficient contacts with Alabama to give this Court jurisdiction over this tort claim. Specifically, plaintiff has stated in his affidavit that the defendants solicited his services in Mobile, Alabama and that they had their vessels inspected biannually by a shipbuilding company in Mobile. It is

not clear from the affidavit whether or not plaintiff had personal knowledge of the alleged biannual inspections. Defendants admit only that one vessel was inspected in 1983 in Bender Shipyard and Repair in Mobile. They also state that the tug GAVIOTA, on which plaintiff was injured, has never been in the territorial waters of Alabama. With regard to the alleged solicitation in Alabama, the defendant McAllister Brothers, Inc. stated that it had placed advertisements in trade publications that may have been distributed in Alabama, but that no personal solicitation had occurred in Alabama.

Assuming that plaintiff was solicited in Mobile for employment and assuming that the alleged biannual inspections did take place, plaintiff still has not demonstrated that this Court has personal jurisdiction over the defendants for a tort that occurred in Panamanian waters. As the United States Supreme Court stated in *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1874, 80 L.Ed.2d 404 (1984), "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." In the case at bar, defendants did nothing more than purchase ship repair services and labor in Alabama. The ship repair services were obtained, at most, every two years, and perhaps only once. The defendants may have solicited plaintiff in Alabama, but plaintiff worked for the defendants in Panama. While the defendants' contacts with Alabama may have been sufficient to give this Court specific jurisdiction over suits on the ship repair or employment contracts, the contacts were not widespread or systematic enough to give the Court general jurisdiction over the defendants for suits on torts that occur outside of Alabama. *Helicopteros Nacionales,* 104 S.Ct. at 1872 & nn. 8, 9; *see also Johnston v. Frank E. Basil, Inc.,* 802 F.2d 418 (11th Cir.1986). The defendants' conduct was not such that they "should reasonably anticipate being haled into court" in Alabama. *World-Wide Volkswagen,* 100 S.Ct. at 567. Therefore, this Court lacks personal jurisdiction over all of the defendants in this action.

█ Additionally, the Court concludes that service of process was not sufficient with respect to Petroterminal de Panama, S.A. and Panama Tug Services. Service was made on Page & Jones, Inc., which was essentially a husbanding agent for these corporations while repair work was being done on one of their vessels in Mobile in 1983. According to the affidavit of Mr. James T. Lee, III, Page & Jones was not authorized to accept service of process on behalf of these corporations. Page & Jones merely cleared the vessel being repaired through customs and disbursed funds relating to her supplies and repairs. Service of process was made through Page & Jones nearly three years after the husbanding services were provided. According to the affidavit, Page & Jones had not provided services for the defendants since 1983. Thus, this Court concludes that Page & Jones is neither a "managing or general agent" of the defendants nor "any other agent authorized by appointment or by law to receive service of process" within the meaning of Rule 4(d)(3) of the Federal Rules of Civil Procedure. *See K/S Ditlev Chartering A/S & Co. v. Egeria S.p.A. di Navigazione,* 1982 A.M.C. 1817, 1819 (E.D. Va.1977); *Doris v. Boyd, Weir & Sewell, Inc.,* 1977 A.M.C. 405, 407 (E.D.Va.1977); *Marubeni American Corp. v. Retla S.S. Co.,* 414 F.Supp. 954, 956 (N.D.Ill.1976). Therefore, service of process was insufficient with respect to Petroterminal de Panama, S.A. and Panama Tug Services.

For the foregoing reasons, this action is DISMISSED against all defendants for lack of personal jurisdiction. Alternatively, this action is DISMISSED against Petroterminal de Panama, S.A. and Panama Tug Services for insufficiency of service of process.

It is so ORDERED.